UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SONG LIN, a.k.a. LIN SONG,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director of San Diego ICE Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States; MARKWAYNE MULLIN, Secretary of Homeland Security, in their official capacities,

Respondents.

Case No.: 3:26-cv-04548-LEK-JAC

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

On August 8, 2026, Petitioner Song Lin, also known as Lin Song ("Petitioner"), filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Dkt. no. 1.] The respondents, identified in the Petition as Christopher LaRose, Warden of Otay Mesa Detention Center; Patrick Divver, Field Office Director of San Diego ICE Field Office, U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations; David Venturella, Acting Director, ICE; Todd Blanche, Acting Attorney General of the United States; and Markwayne Mullin, Secretary of Homeland Security, in their official capacities ("Respondents"), filed a

return to the Petition ("Return") on August 18, 2026. [Dkt. no. 4.] Petitioner filed a reply in support of the Petition ("Reply") on August 25, 2026. [Dkt. no. 5.]

## BACKGROUND

Petitioner, a native and citizen of the People's Republic of China, entered the United States on January 28, 2026. [Petition at ¶¶ 1, 13.] Petitioner was apprehended upon entry and placed in expedited removal proceedings. See Return, Exh. 1 (redacted U.S. Department of Homeland Security ("DHS") Record of Deportable/Inadmissible Alien, Form I-213, dated 1/29/26) at 1; id., Exh. 2 (DHS Notice and Order of Expedited Removal, Form I-860, dated 1/29/26) at 1. Petitioner asserts that he has been detained by Respondents since he was apprehended, and was detained at the Otay Mesa Detention Center in San Diego, California, when he filed the Petition. See Petition at ¶¶ 3, 7. Petitioner's belongings were confiscated when he was taken into custody, and they had not been returned to him by the time the Petition was filed. [Id. at ¶ 19.]

On February 5, 2026, after a credible fear interview, an asylum officer determined that: Petitioner had a credible fear of religious persecution in China; and there was no bar to asylum or withholding of removal. [Id. at ¶ 15.] On February 7, 2026, Petitioner was issued a Notice to Appear, which asserted that Petitioner was removable under Immigration and Nationality Act ("INA") section 212(a)(7)(A)(i)(I) and INA section 212(a)(6)(A)(i). See Petition at ¶ 16; see also Return, Exh. 3 (Notice to Appear); 8 U.S.C. § 1182(a)(7)(A)(i)(I), § 1182(a)(6)(A)(i). The Notice to Appear meant that Petitioner was in a full removal proceeding, rather than the previously initiated expedited removal proceeding. See Petition at ¶ 16. Petitioner subsequently filed an application for asylum, and the application was still pending when the Petition was filed. See id. at ¶ 17.

Petitioner has been detained for more than six months without an individualized bond hearing. See id. at ¶ 20. Petitioner asserts that this is a violation of his due process rights under the Fifth Amendment to the United States Constitution. See

id. at pgs. 5-7. The Petition seeks, *inter alia*, Petitioner's immediate release or, in the alternative, a bond hearing before an immigration judge. See id. at pgs. 7-8.

Respondents argue Petitioner is subject to mandatory detention under Title 8 United States Code Section 1225(b)(1)(B)(ii) and that Petitioner must remain detained while his asylum application is pending. [Return at 2.] Respondents also argue that, pursuant to Title 8 United States Code Section 1252(g), Petitioner cannot seek review of his detention because his challenge to his detention is effectively a challenge to DHS's decision to commence removal proceedings against him. [Id. at 3-4.] They further argue that, even if this Court concludes that it has jurisdiction to consider the Petition, Petitioner's mandatory detention has not been prolonged to the point that it violates the United States Constitution. [Id. at 5-10.]

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. See

Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[1]

## DISCUSSION

### I. Jurisdiction

This Court turns first to Respondents' argument that the Petition should be dismissed for lack of jurisdiction. See Return at 10. Title 8 United States Code Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Respondents argue "Petitioner's claims of unlawful detention necessarily arise from the Department of Homeland Security's decision to commence removal proceedings against him because that decision unavoidably triggers mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) until the conclusion of his removal proceedings." [Return at 4 (footnote and citation omitted).] This Court and others in this district have rejected similar arguments. See, e.g., Makhlouf v. LaRose, Case No.: 3:26-cv-02636-LEK-JLB, 2026 WL 1652565, at *2 (S.D. Cal. June 8, 2026) (citing Kalayu v. Mullin, Case No. 26cv2394-LL-VET, 2026 WL 1552398, at *2 (S.D. Cal. June 1, 2026); Rash v. LaRose, Case No. 26v0008-LL-DEB, 2026 WL 249324, at *2 (S.D. Cal. Jan. 30, 2026)). This Court similarly concludes that Petitioner is not challenging either the commencement or the outcome of the removal proceeding against him, "but is instead

---

[1] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

claiming a lack of legal authority to detain him for a prolonged time without a bond hearing during the removal proceedings." See Rash, 2026 WL 249324, at *2 (citing Ibarra-Perez v. United States, 154 F.4th 989, 991-92 (9th Cir. 2025) (noting that a claim based on a lack of legal authority to execute a removal order due to a violation of a court order, the Constitution, [INA], or international law, does not challenge the decision or action to execute a removal order)). This Court therefore rejects Respondents' argument that Section 1252(g) deprives this Court of jurisdiction in this case.

**II. Due Process**

Section 1225(b)(1)(B)(ii) states: "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum." Respondents argue the process under Section 1225(b) is the only process due Petitioner, who has "no due process rights 'other than those afforded by statute.'" [Return at 7 (some citations omitted) (quoting Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 107 (2020)).] However, this district court has recognized that:

> "[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017). "Civil immigration detention is permissible only to prevent flight or protect against danger to the community[.]" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government.").
>
> . . . .

> Indeed, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will - at some point - violate the right to due process." Singh v. Barr, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases); see also Maksin [sic] v. Warden, Golden State Annex, 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) (collecting cases). This holds true for those detained under Section 1225 . . . . See Gao v. LaRose, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (agreeing with "the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing"); see also Kydyrali v. Wolf, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).
>
> . . . "Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." Amado v. United States Dep't of Just., 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (citation omitted). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." Lopez v. Garland, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. See, e.g., Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

Derbew v. LaRose, Case No. 26-CV-2803 JAO(DEB), 2026 WL 1468308, at *2-3 (S.D. Cal. May 22, 2026) (some alterations in Derbew).

In the instant case, Petitioner has now been detained for approximately eight months. See Petition at ¶¶ 13, 20. This Court therefore finds that the length of detention weighs in favor of Petitioner. See Derbew, 2026 WL 1468308, at *3 (finding that the delay of more than eight months weighed in the petitioner's favor (citing Zadvydas, 533 U.S. at 701, 121 S. Ct. 2491 (treating six months as a "presumptively reasonable period of detention" in a related context); Amado, 2025 WL 3079052, at *5 (noting that

"[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable"))).

Second, although Respondents point out that Petitioner's merits hearing was scheduled for August 31, 2026, see Return, Exh. 4 (United States Department of Justice Executive Office for Immigration Review ("EOIR") Otay Mesa Immigration Court Notice of In-Person Hearing, dated 8/10/26), Petitioner's hearing appears to have been rescheduled to October 19, 2026. See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 29, 2026). Further, as Petitioner notes, if relief is denied, Petitioner may file an appeal to the Board of Immigration Appeals and the Ninth Circuit Court of Appeals, and the review process may be lengthy. See Reply at 5. This Court therefore finds that the anticipated length of detention also weighs in favor of Petitioner. See Derbew, 2026 WL 1468308, at *3.

Finally, there is no indication in the record that any delay in the removal proceedings was caused either by Petitioner or by Respondents. This factor is therefore neutral. Having considered all of these factors, this Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, his due process rights have been violated.

Turning to the issue of the appropriate relief, this Court notes that the record regarding the issues of flight risk or danger to the community is limited. This Court therefore concludes that immediate release is not an appropriate remedy for the violation of Petitioner's due process rights. Petitioner's request for immediate release is denied without prejudice. This Court concludes that ordering Respondents to provide Petitioner with an individualized bond hearing is the appropriate form of relief in this case. In addition, this Court makes the following orders regarding the bond hearing:

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638 F.3d 1196 (9th Cir. 2011),[2]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 8. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

---

[2] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao, 805 F. Supp. 3d at 1112.

## CONCLUSION

For the foregoing reasons, Petitioner Song Lin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed August 8, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order **within seven days of the filing of this order**. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody and as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing within **fourteen days of the filing of this order**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 29, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**SONG LIN, a.k.a. LIN SONG VS. CHRISTOPHER LAROSE ET AL.; CASE NO. 3:26-CV-04548-LEK-JAC; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**